UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDY THAYER, | ) | |
| Plaintiff, | ) | No. 07 CV 1290 |
| v. | ) | |
| RALPH CHICZEWSKI, et al., | ) | and |
| Defendants, | ) | |
| and | ) | |
| BRADFORD LYTTLE, | ) | No. 07 CV 1406 |
| Plaintiff, | ) | |
| v. | ) | |
| JOHN KILLACKEY, et al., | ) | Judge John W. Darrah |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andy Thayer brought a seven-count Complaint against Chicago Police
Officer Ralph Chiczewski, et al., alleging various Constitutional violations and state-law
claims stemming from Thayer's arrest on March 19, 2005, at an anti-war protest.
Plaintiff Bradford Lyttle brought a nine-count Complaint against Chicago Police Officer
John Killackey, et al., alleging various Constitutional violations and state-law claims
stemming from his arrest on March 19, 2005, at the same anti-war protest.

On or about June 27, 2008, Lyttle filed a motion, pursuant to Local Rule 40.4(c),
to reassign and consolidate Lyttle's action with Thayer's case, *Thayer v. Chiczewski,*

*et al.*, No. 07 C 1290.  On or about August 20, 2008, Lyttle's motion was granted and his case were reassigned to the calendar of Judge Darrah.

On March 31, 2010, Defendants' motion for summary judgment against both Thayer and Lyttle was granted in a combined opinion.  Currently before the Court is Defendants' Bill of Costs pursuant to Fed. R. Civ. P. 54(b)(1).  Defendants seek: (1) $60.00 for service of summons and subpoena; (2) $21,735.76 for fees of the court reporter; (3) $473.00 for fees for witnesses; and (4) $1,968.58 for fees for exemplification and copies of papers necessarily obtained for use in the case.

### LEGAL STANDARD

Fed. R. Civ. P. 54(d)(1) states:

> *Costs Other Than Attorney's Fees.*  Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.  The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).  A prevailing party is the party who prevails as to the substantial part of the litigation.  *Goldsmith v. Murphy*, No. 02 C 5777, 2005 U.S. Dist. LEXIS 8443, *12 (N.D. Ill. Feb. 22, 2005) ("*Goldsmith*"); *See Testa v. Village of Mundelein, Illinois*, 89 F.3d 443, 447 (7th Cir. 1996) ("*Testa*").  District courts enjoy wide discretion in determining and awarding reasonable costs.  *Testa*, 89 F.3d at 447.  Under Rule 54, recoverable costs, as set forth in 28 U.S.C. § 1920, include:  (1) fees of the clerk, (2) fees for transcripts, (3) fees for

printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. *Goldsmith*, 2005 U.S. Dist. LEXIS 8443, *12 (N.D. Ill. Feb. 22, 2005). However, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur . . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Thus, Defendants are entitled to recover costs only if: (1) the expenses are allowable under § 1920 and (2) the expenses are reasonable both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

## ANALYSIS

Plaintiffs make several objections to Defendants' Bill of Costs. These objections are: (1) this Court should not award costs against Thayer and Lyttle jointly and severally liable but instead should attribute costs to each Plaintiff separately to the extent that the costs can be attributable to the separate Plaintiffs; and to those costs that cannot be attributable to separate Plaintiffs, they should be halved, and each Plaintiff should only be required to pay its half; (2) that the cost for the service of subpoena on the internet site/provider America Online ("AOL") should be denied or, in the alternative, reduced and assessed only against Thayer; (3) that Defendants' claim for witness fees should be reduced to comply with 28 U.S.C. § 1821 (a) & (b); (4) that Defendants' claim for copy costs for court papers is unreasonable and that Defendants improperly calculated more sets of copies than is allowed; (5) that Defendants' claim for copies of written discovery and document production is unreasonably high; (6) that the hearing transcripts were

unreasonable and/or unnecessary and should be denied in their entirety; and (7) that Defendants' deposition transcripts cost of $21,042.51 is unreasonable. Defendants have filed a Response to Plaintiffs' Objection to its Bills of Costs. Plaintiffs' objections will be addressed in turn.

*Joint and Several Liability*

Plaintiffs argue that: (1) the Court should separate the costs that are clearly attributable to the different Plaintiffs and tax them only to the responsible Plaintiff and (2) apportion equally the remaining shared costs instead of imposing joint and several liabilities.

Where a party prevails in litigation against multiple parties, "the presumptive rule is joint and several liability unless it is clear that one or more of the parties is responsible for a disproportionate share of the costs." *Am. Nat'l Ins. Co. v. Citibank, F.S.B.*, 623 F.Supp. 2d 953, 955 (2009) (quoting *Anderson v. Griffin*, 397 F.3d 515, 522-23 (7th Cir. 2005)).

Accordingly, joint and several liability will not attach to costs that are clearly attributable to only Thayer or to only Lyttle.

Plaintiffs next argue that the shared costs should be apportioned equally between Thayer and Lyttle instead of imposing joint and several liability because equal apportionment of the shared or indivisible costs will reduce the risk of double or duplicative recovery.[1] Plaintiffs cite *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 764 (8th Cir. 2006) ("*Marmo*"), in support of their argument. Plaintiffs' reliance on *Marmo* is misplaced. Marmo sought $124,914.47 in copy and exemplification fees.

---

[1] Plaintiffs argue in support that the City has improperly filed the same Bill of Costs in both dockets, and that this may lead to double recovery.

*Marmo*, 457 F.3d at 763. Because Marmo's case was one of thirteen consolidated for pretrial purposes, the district court apportioned the costs among the thirteen cases. *Id.* Part of the court's reasoning for apportioning the cost was to reduce the risk of duplicative cost recovery. *Id.*

In contrast, the Plaintiffs in this case seek to apportion the costs they owe to the prevailing party. In *Marmo*, by contrast, that court apportioned amongst the prevailing parties an award of their costs, in part to avoid duplicative awards. Moreover, in *Marmo*, the fact that the costs were apportioned did not prevent recovery of the full amount of costs properly awarded to each prevailing party as sought in the instant case. Accordingly, Thayer and Lyttle are jointly and severally liable for all costs that are not clearly attributable to either Thayer or Lyttle.

### *AOL Subpoenas*

Defendants seek $60.00 for fees for service of summons and subpoenas that it served on AOL. Defendants served AOL twice because Defendants' first subpoena was quashed because it was too broad. Defendants used the Sangamon County Sheriff to serve the subpoenas, who charged $30.00 for each subpoena served. (*See* Def.'s Res. Ex. 3.) Fees for private process servers are recoverable under 28 U.S.C. § 1920(1) provided that their rates do not exceed the cost of service of process had the U.S. Marshal effectuated service of process. *Nilssen v. Osram Sylvania, Inc.*, 2007 U.S. Dist. LEXIS 5792, *11, (N.D. Ill., Jan. 23, 2007) ("*Nilssen*"). The fees the United States Marshal Service charges are $55 per hour (or portion thereof) for each item served by one U.S. Marshal. *See 28* CFR § 0.114(a)(3). However, at the time service occurred in this case,

28 CFR § 0.114(a)(3) stated $45 per hour (or portion thereof). Accordingly, Defendants' recoverable costs will be limited by the $45 per hour rate.

Plaintiffs argue that: (1) Defendants have not provided any documentation for the service of the AOL subpoena, and therefore the cost should be denied; (2) the $60 Defendants seek to collect exceeds the $45 per hour charged by the U.S. Marshal; (3) that Defendants should have served the subpoenas by mail and should only be taxed $8 per item pursuant to 28 CFR § 0.114(a)(2); and (4) the cost of the subpoenas should be born only by Thayer because the discovery sought from AOL related only to him.

Defendants attached receipts indicating that they paid $30 for each subpoena served. However, the receipts do not indicate how much time it took the process server. It is reasonable to assume that it would take a U.S. Marshal at least 40 minutes to serve process and subpoena each time, not to mention that a U.S. Marshal would also be entitled to travel costs and any other out-of-pocket expenses.[2] Further, it is not unreasonable to use the Sherriff's Office to serve summons in person instead of by mail. Finally, the costs of the service is attributable only to Thayer as Defendants' argument that Lyttle may have received an e-mail from Thayer is unpersuasive. Accordingly, Thayer is liable for $60.00 pursuant to 28 U.S.C. § 1920(1).

### Witness Fees

Fees for witnesses are recoverable pursuant to 28 U.S.C. § 1920(3). Defendants seek $473 in witness fees; $43 per witness for eleven witnesses. Plaintiffs object to this amount, arguing that the amount a witness is to be paid is $40 per day pursuant to 28 U.S.C. § 1821(b). Defendants respond by stating that the additional $3 was for

---

[2] See 28 CFR § 0.114.

transportation costs "presumably on the CTA." Transportation costs for witnesses are governed by 28 U.S.C. § 1821(c)(1).[3] Defendants have failed to provide receipts for the transportation costs as required by 28 U.S.C. § 1821(c)(1). Accordingly, Defendants' costs for witnesses are reduced to $440.

Plaintiffs also argue that the witness fees should be apportioned between the Plaintiffs because some of the witnesses were only for Thayer and some were only for Lyttle. However, Plaintiffs' conclusory statement does not clearly demonstrate that this apportionment is justified. Accordingly, Thayer and Lyttle are jointly and severally liable for $440 for witness fees.

*Copy Costs*

<u>Court Papers</u>

Defendants claim $766.32 in costs for court papers. Plaintiffs argue that Defendants overstated the cost of copies because they included in their calculation the cost of copies made for Defendants' use and that a $0.12 price for each copy made is unreasonable.

For every document filed with the Court by the Defendants, the Defendants seek to recover the cost for two copies. For every document that the Plaintiffs filed with the Court, the Defendants seek to recover the costs of one copy. For the two copies of Defendants' filings, Defendants would give one copy file-stamped to the Court, and the second copy was used to scan it into a PDF program to be electronically filed or used as a

---

[3]"A witness who travels by common carrier shall be paid for the actual expenses of travel .... A receipt or other evidence of actual cost shall be furnished." 28 U.S.C. § 1821(c)(1).

reference at hearings. For the one copy of Plaintiffs' filings, Defendants would use it for reference at court hearings.

"A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies made for its own use." *Brown v. City of Chicago*, 2009 U.S. Dist. LEXIS 20350, at *4, (N.D. Ill. Mar. 11, 2009.) ("*Brown*"). Using copies for "references at hearings" is for the party's own use because it is not material actually prepared for use in presenting evidence to the Court. Therefore, Defendants may only recover one copy they made for every document filed with the Court by Defendants.

Plaintiffs also argue that $0.12 is too high a price for each copy and ask for a rate of $0.10 a page instead. The rate of $0.12 per page is reasonable in this case as the Defendants negotiated an arms-length-transaction with Merrill Communications LLC for that rate. (*See* Defs.' Bill of Costs.)

Accordingly, the total amount recoverable by Defendants for their copying costs is $299.16. Additionally, the copy costs before the case was consolidated will be born by the individual parties. Therefore: (1) Thayer is taxed $45.48 for copy costs before the case was consolidated; (2) Lyttle is taxed $26.76 for copy costs before the case was consolidated; and (3) Thayer and Lyttle are jointly and severally liable for $226.92 for copying costs.

### Written Discovery and Document Production

Defendants seek $1,202.26 for discovery requests and responses and document production. Plaintiffs argue again that $0.12 for the cost of a copy is too high; that $0.15 for the cost of Bates-stamped copies is too high; that Defendants failed to provide any

invoices or receipts for the 2,418 documents they copied at a rate of $0.15; and that the rate of $20 for the copy of a DVD is unreasonably and unnecessarily high.[4]

As discussed above, $0.12 is a reasonable rate for a copy, as well as $0.15 for the Bates-stamped copies. Plaintiffs did not argue that Defendants did not copy the 2,418 copies or that 2,418 copies do not accurately reflect the number of copies made. "Of course, [prevailing party] was not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Accordingly, the Defendants may recover $354.15 for these copies.

Next, the $20 per copy for the DVDs is also reasonable because the Defendants entered into an arms-length transaction with Merrill Communications. (*See* Defs.' Bill of Costs.) Accordingly, Defendants may recover the $160.00 for the cost of copying the DVDs. Plaintiffs do not argue any of the costs are attributable to one party.

Accordingly, Thayer and Lyttle are jointly and severally liable for costs of $1,202.26.

### Transcript Costs

Defendants seek $21,735.76 for hearing and deposition transcript costs. The costs of transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth,* 7 F.3d 636, 645 (7th Cir. 1993). The introduction of a deposition in a summary

---

[4] Plaintiffs further argue that the Defendants failed to explain why they could not have copied the DVDs in house. Defendants reply that it was Plaintiffs that made the arrangement with the Defendants to use an outside source in making the copies.

judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition. *Cengry v. Fusibond Pipis Sys., Inc.*, 135 F.3d 455, 456 (7th Cir. 1998) ("*Cengry*") (quoting *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)). The proper inquiry is whether the deposition was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court. *Cengry*, 135 F.3d at 456 (internal quotation omitted).

Local Rule 54.1(b) states:

> the expense of any prevailing party in necessarily obtaining all or any part of a transcript for use in a case . . . shall be taxable as costs against the adverse party. . . . the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference . . . Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each were needed by counsel and, for depositions, the copy provided to the court shall be allowed.

Local Rule 54.1(b).

For the relevant time period, the Judicial Conference has established the following maximum transcript rates: (1) $3.65 for an ordinary transcript, $0.90 for a copy to each party; (2) $4.25 for a fourteen-day transcript, $0.90 for a copy to each party; (3) $4.85 for an expedited transcript; (4) $6.05 for a daily transcript, and $1.20 for each copy; and (5) $7.25 for an hourly transcript.[5]

Costs for expedited transcripts are recoverable if the expedited transcripts were reasonable and necessary. *Nilssen*, 2007 U.S. Dist. LEXIS 5792 at *10.

---

[5] An ordinary transcript is delivered within 30 calendar days after receipt of an order; a fourteen-day transcript is delivered within 14 calendar days after receipt of an order; an expedited transcript is delivered within 7 days after receipt of an order; and an hourly transcript is delivered within 2 hours of an order.

## Hearing Transcripts

Defendants seek to collect $693.25 in hearing transcript costs. Plaintiffs object to every hearing transcript costs that Defendants seek to collect.

Plaintiffs object to the October 28, 2008 hearing transcript, arguing that Defendants failed to show why the transcript was reasonably necessary and, if it was necessary, why it was necessary to order it at the "Hourly Transcript" rate of $7.25 per page. Defendants reply that it was necessary because it was not clear to the Defendants, until the hearing before Judge Keys on January 30, 2009, that the oral rulings made on October 28, 2008, would be relevant to Plaintiffs' motion to compel, which was due in less than a month.

Defendants have properly shown that it was reasonable and necessary to order the hearing transcript but have failed to show why it was necessary to order the transcript at the "Hourly Transcript" rate. In this case, it is clear that the Defendants did not reasonably need the transcript within two hours for Plaintiffs' motion to compel, which was less than a month away. Accordingly, an "Expedited Transcript" would have been reasonable. Accordingly, Thayer and Lyttle are jointly and severally liable for $43.65.

Next, Plaintiffs argue that the Defendants have failed to show why an "Expedited Transcript" for the January 30, 2009 hearing was necessary. Defendants replied that they needed to use an "Expedited Transcript" order because Judge Keys made comments on the scope of discovery that were relevant to Defendants' response to Plaintiffs' motion to compel, which was due in three weeks. Defendants acted reasonably because they ordered a transcript that would be delivered within seven days when the event

necessitating the order was three weeks away. Accordingly, Thayer and Lyttle are taxed costs jointly and severally for $77.60.

Next, Plaintiffs object to the February 27, 2009 hearing transcript only on the grounds that Defendants have failed to provide an explanation to the reasonableness of the use of the "Daily Transcript" rate for ordering this transcript. Defendants reply they ordered the hearing at the "Daily Transcript" rate because Judge Keys made an oral ruling on Plaintiffs' motion to compel and they wanted to "respond swiftly and accurately to the discovery that had been ordered." (Def.'s Res. p. 8). Defendants acted reasonably in ordering the transcript. However, Defendants failed to act reasonably by ordering the transcript at the "Daily Transcript" rate. Defendants could have acted "swiftly and accurately" by ordering the transcript under the "Expedited Transcript" rate. Accordingly, the Defendants acted reasonably in ordering the February 27, 2009 transcript and the rate is reduced to the "Expedited Transcript" rate of $4.85 per page, leaving Plaintiffs jointly and severally liable for $310.40.

Next, Plaintiffs again argue that Defendants have failed to provide any explanation for why it was reasonable to order the transcript for the July, 24, 2009 hearing on July 27, 2009. Defendants reply that the "truncated details provided in the minute order were not sufficient." *Id.* Accordingly, the Defendants acted reasonably in ordering the July 24, 2009 transcript at the "Ordinary Transcript" rate of $3.65. Accordingly, Thayer and Lyttle are jointly and severally liable for $21.90.

Next, Plaintiffs argue that it was unreasonable for the Defendants to order a transcript at the "Daily Transcript" rate for the September 2, 2009 hearing and a copy of that transcript. Plaintiffs argue that there was "no need for Defendants to do anything as

a result of the Court's ruling on that date." (Pl.'s Objections p. 10). Defendants argue that a status hearing was set for September 16, 2009 and that Defendants needed the transcript of the September 2, 2009 hearing in order to prepare. Accordingly, the Defendants acted reasonably in ordering the September 2, 2009 transcript but acted unreasonably in ordering it at the "Daily Transcript" rate because the status hearing was two weeks away. Also, Defendants' ordering a copy of the transcript at $0.90 per page, for a total of $8.10, is reasonable, as the maximum set by the Judicial Conference is $1.20 per page copied at the "Daily Transcript" rate. The rate is reduced from the "Daily Transcript" rate to the "Expedited Transcript" rate of $4.85 per page, for a total of $43.65. Thayer and Lyttle are jointly and severally liable for $51.75.

Next, Plaintiffs argue that Defendants' claim for $33.95 for a transcript of a hearing on September 9, 2009, should be denied because there was no hearing on this date, in addition to again arguing that Defendants have failed to show why it was reasonable. Defendants have attached an invoice for this transcript. Defendants also argue that it was reasonable for them to order this transcript at the "Expedited Transcript" rate because Judge Keys' comments were of central importance to the remaining discovery in the case; but Defendants fail to identify a date and event that necessitated using the "Expedited Transcript" rate. The Defendants did not act reasonably in ordering the transcript at the "Expedited Transcript" rate, and the rate is lowered to the "Fourteen-Day Transcript" rate of $4.50 per page for seven pages; Thayer and Lyttle are jointly and severally liable for $31.50.

Next, Plaintiffs argue that Defendants' claim for $34.00 for a transcript of a hearing on February 3, 2010, should be denied because Defendants have provided no

explanation for why a "Fourteen-Day Transcript" was reasonably necessary at the time they ordered it on February 3, 2010. Defendants reply that they requested the transcript within 14 days because it would insure that the transcript would be on hand in case Plaintiffs reiterated their motion to unseal. Accordingly, Defendants' litigation strategy was reasonable, and Lyttle and Thayer are jointly and severally liable for $34.00.

Accordingly, Lyttle and Thayer are jointly and severally liable for $570.80 of hearing transcript costs.

### Deposition Transcripts

Defendants seek $21,042.51 in deposition transcript costs.[6] Defendants make it unnecessarily difficult to examine the deposition transcript costs because they include in their itemization of the cost the total of the "Attendance Fees" and "Copies of Exhibits" instead of itemizing each cost for the deposition to which they correlate. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case are taxable costs pursuant to 28 U.S.C. § 1920(2). Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case are taxable costs pursuant to 28 U.S.C. § 1920(4).

Plaintiffs first argue that the costs for photocopying of exhibits are not recoverable "because the exhibits were documents already in the possession of counsel." (Pl.'s Res. P. 11).[7] Plaintiffs cite *Cengry,* 135 F.3d at 456, in support of their argument. In *Cengry*, the Seventh Circuit denied the prevailing party costs it incurred in copying

---

[6] This figure is arrived at by: ((No. of pages x Cost per page) + Appearance Fee + Cost of making copies of Exhibits to be attached to the deposition transcript).

[7] Plaintiffs cite Bill of Costs at 17-18, 33, 37, 39, 41, 42, 45, 46, 50, 51, 56, 58, 61-63.

and attaching exhibits to its deposition transcripts because the prevailing party already possessed either an original of the exhibit or a copy of it. The *Cengry* court stated:

> [W]e find that the amount . . . for deposition transcripts is unreasonably high. . . . [Prevailing Party] seeks $414.85 for a copy of the deposition . . . This bill includes . . . $19.20 for 60 pages of exhibits. Because [Prevailing Party] was already in possession of the deposition exhibits . . . we will not allow [Prevailing Party] to recover the costs of copying the 60 pages of exhibits.

*Cengry*, 135 F.3d at 456.

In this case, Defendants have failed to respond to Plaintiffs' argument that Defendants were already in possession of the exhibits that were copied and attached to the deposition transcripts and that, therefore, the copies were only for their own use. "A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies made for its own use." *Brown*, 2009 U.S. Dist. LEXIS 20350, at *4. Instead, Defendants only state that copy fees for adding exhibits to deposition transcripts are also taxable pursuant to *Maxwell v. KPMG LLP*, 2009 U.S. Dist. LEXIS 99775, at * 4 (N.D. Ill. Oct. 23, 2009) ("*Maxwell*"), "since their duplication in the record is necessary."

However, the holding in *Maxwell* is not as clear as Defendants make it appear because of the *Maxwell's* court's use of 28 U.S.C. § 1920(4) immediately prior to the above-stated quote. *Maxwell* states:

> Neither 28 U.S.C. § 1920 nor Local Rule 54.1 provides for extra costs related to depositions. . . . However, reproducing a document in the party's possession would be billed correctly under §1920(4): 'fees for exemplification and the costs of making copies.' Since KPMG has not shown why extra copies were necessary to its case, no extra copy will be billed to Maxwell.
> The deposition invoices also included copy fees for adding exhibits to the record. These are taxable since their duplication in the record is

necessary. The court accepts Maxwell's proposed rate of $0.13 per page as reasonable."

*Maxwell*, 2009 U.S. Dist. LEXIS 99775, at * 4 (N.D. Ill. Oct. 23, 2009).

In a previous decision, this Court denied costs for copying exhibits used at depositions because the "[Prevailing Party] has not demonstrated that copies of the exhibits were reasonable and necessary for the depositions, especially in light of the number of exhibits copied by the court reporter services." *Nilssen*, 2007 U.S. Dist. LEXIS 5792, at *11. "[C]osts such as . . . photocopying exhibits during the depositions are not taxable as costs under Section 1920 . . . [the photocopying of exhibits during the depositions] were prepared for the convenience of the plaintiff and not for the purpose of presenting evidence to the Court; they are, therefore, not recoverable." *Chemetall GmbH v. ZR Energy, Inc.*, 2001 U.S. Dist. LEXIS 23716, at *79, (N.D. Ill. Sept. 14, 2001) ("*Chemetall*").

Accordingly, the costs of copying the exhibits to the transcripts are not recoverable as they were prepared for the convenience of Plaintiffs and not for the purpose of presenting evidence to the Court.

Next, Plaintiffs object to Defendants' including court reporter appearance fees in their deposition transcript costs. However, as indicated above, Defendants failed to seperate the costs for copying depositions and the court reporter appearance fees. "The prevailing party bears the burden of demonstrating the amount of its recoverable costs because the prevailing party knows, for example, how much it paid for copying and for what purpose the copies were used." *Telular Corp. v. Mentor Graphics Corp.*, 2006 U.S. Dist. LEXIS 44848, at *4 (N.D. Ill. June 16, 2006) ("*Telular Corp.*"). Accordingly, the costs of the court reporter appearance fees are not recoverable as Defendants have failed

to meet their burden in demonstrating how much it paid for appearance fees. Accordingly, the deposition transcript costs that Defendants seek are reduced by $2,409.75.

Next, Plaintiffs argue that Defendants' claim for the cost of word indexes for deposition transcripts should be denied because they were obtained only for the convenience of counsel. Defendants' itemization of costs for deposition transcripts does not include a breakdown including the costs for the word indexes. Further, other courts have held that word indexes are not recoverable.[8] The reasonableness of the costs associated with word indexing these transcripts cannot be ascertained and, therefore, cannot be awarded. See *Correa v. Ill. Dep't of Corrections*, No. 05 C 3791, 2008 U.S. Dist. LEXIS 7540, at * 5-6 (Jan. 29, 2008). Accordingly, the rate per page copied will be adjusted to the corresponding Judicial Conference fees.

Next, Plaintiffs argue that Defendants' claim of $499.80 for making one copy of every transcript ordered at a rate of $0.12 a page should be denied because they were not reasonably necessary and only obtained for the convenience and use of counsel. However, this cost is allowed pursuant to Local Rule 54.1(b); and, accordingly, the Plaintiffs are jointly and severally liable for $499.80.

Next, Plaintiffs argue that the costs for many of the transcripts should be denied in their entirety because they were not reasonable and necessary at the time that they were obtained. As discussed above, the standard is not whether the deposition was used in a motion or at trial but whether it was reasonable at the time the deposition was taken. Further, "[a] court is to presume that deposition transcripts are reasonable and necessary

---

[8] "Additional costs for . . . word indexes . . . are not generally recoverable." *Telular Corp.*, 2006 U.S. Dist. LEXIS 44848, at *4.

unless the defendants prove otherwise." *Chemetall*, 2001 U.S. Dist. LEXIS 23716, at *75.

Finally, Plaintiffs argue that Defendants have failed to provide an explanation for why the "Expedited Transcript" rate was reasonably necessary and that the rate charged for the depositions should be reduced to the "Ordinary Original Transcript" rate of $3.65.

Defendants respond to Plaintiffs' arguments by stating that it was reasonable to order the transcript at the "Fourteen-Day Transcript" rate so that a record of what was said would be available promptly in preparation for upcoming depositions and to further discovery expeditiously and because Plaintiffs' demand to go forward with trial beginning September 14, 2009, required Defendants to order the remaining transcripts on or after August 25, 2009, because Plaintiffs listed the deponents as potential witnesses. Accordingly, the Court finds it reasonable that the Defendants ordered the transcripts at the "Fourteen-Day Transcript" rate. However, any deposition transcript copy that has a rate higher than the "Fourteen-Day Transcript" will be reduced to the "Fourteen-Day Transcript" rate of $4.25.[9] Also, Plaintiffs' conclusory statements that some of the deposition costs should be taxed only to Thayer or only to Lyttle are without merit. The deposition transcript costs that Defendants seek are reduced by $708.80, for a total reduction of $3,118.55 in deposition transcript costs. Accordingly, Thayer and Lyttle are jointly and severally liable for $17,923.96.

---

[9] These deposition transcripts and the amounts reduced are: (1) Baeza ($277.20 - $267.75 = $9.45; (2) Caluris ($580.80 - 561.00 = $19.80; (3) Daly ($316.80 - $306.00 = $10.80); (4) Hyfantis ($616.50 - $582.25 = $34.25); (5) Jones ($1,386.00 - $1,071.00 = $315.00); (6); Madsen ($1,100.00 - $850.00 = $250.00); (7)Markovich ($711.00 - $671.50 = $39.50; (8) Pallohusky ($243.00 - $229.50 = $13.50); and (9) Simon ($297.00 - $280.50 = $16.50); for a total reduction of $708.80.

## CONCLUSION

Accordingly, Thayer is solely liable for $105.48; Lyttle is solely liable for $26.48; Thayer and Lyttle are jointly and severally liable for $20,363.94.[10]

Date: _8-4-10_

JOHN W. DARRAH
United States District Court Judge

---

[10] Thayer's sole liabilities: $60.00 for AOL subpoena and $45.48 for copy costs, for a total of $105.48.

Lyttle's sole liabilities: $26.76 for copy costs.

Lyttle and Thayer's joint and several liabilities: $440 for witness fees; $226.92 for copying costs; $1,202.26 for copying costs; $570.80 for hearing transcript costs; and $17,923.96 for deposition transcript costs, for a total of $20,363.94.